UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSHUA RYAN WOLF,

    Plaintiff,

v.                                       Case No. 22-cv-906-bhl

JOHN DOE, et al.,

    Defendants.

## SCREENING ORDER

Plaintiff Joshua Ryan Wolf, who is currently serving a state prison sentence at the Dodge Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Wolf's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Wolf has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Wolf has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $32.00. The Court will grant Wolf's motion for leave to proceed without prepaying the filing fee.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Wolf's complaint concerns events that occurred many years ago, when he was a juvenile. He claims that in 2005, when he was around the age of 10, he sought protection from the Green Bay Police Department due to severe physical abuse from his mother. Dkt. No. 1 at 2. At that time, he was diagnosed with PTSD, ADHD, and Bipolar disorder. *Id*. The police department did nothing to help Wolf until he showed up with a bloody face and a witness. *Id*. Wolf was then placed in State custody. *Id*. At least two different foster families took Wolf into their homes while he was a minor. *Id*. at 2-3. The first foster family had a family member that sexually abused him. *Id*. at 3. The second foster family was physically and emotionally abusive. *Id*. As a result, Wolf kept running away from his foster homes and he was incarcerated at the Brown County Jail at least 45 separate times between the ages of 10 and 11. *Id*. Wolf explains that, each time went to the jail, was placed in prolonged solitary confinement due to a coin collection he brought with him, hidden in the waistband of his pants. *Id*. At the jail, he received no education, no medical care, no mental health care, no window/sunlight, no interaction with the outside world, and no exercise. *Id*. When Wolf was 12.5 years old, he was "carelessly [and] irresponsibly given back to his mother without her having to so much as pass a drug test." *Id*. Wolf says his life was "already ruined" before he reached adulthood, and the effect of his childhood on his primal brain has been "catastrophic." *Id*.

For relief, Wolf seeks monetary damages from John Doe Commissioner of the Department of Corrections Community Support, the State of Wisconsin, and Brown County. *Id*. at 4.

3

# THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Section 1983 limits individual liability to those who are personally responsible for a constitutional violation. *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009). "An official satisfies the personal responsibility requirement of section 1983. . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (quoting *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982)). He or she "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id.* (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)). Section 1983 also allows for municipal liability. *Monell v. City of New York Department of Social Services*, 436 U.S. 658, 691 (1978). To state a claim for municipal liability, Wolf must allege that a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by officers" violated his constitutional rights. *Id*. Wolf must identify: (1) an express policy that, when enforced, causes a constitutional deprivation, (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law, or (3) a constitutional injury caused by a person with final policymaking authority. *Id*.

Wolf's attempt to recover monetary damages from the defendants for alleged constitutional violations fails and his complaint will therefore be dismissed. As an initial matter, Wolf does not identify any specific constitutional right that was violated. Instead, he offers a stream of gripes

4

about his treatment by state and local agencies over an extended period of time. These general grievances are insufficient to put any of the defendants on proper notice of any specific constitutional violation or claim and therefore cannot survive screening. *See Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009) (noting that an allegation of "general wrongdoing that extended over a period of years" was not enough to satisfy Rule 8's notice pleading requirement).

Wolf's claims fail or other reasons too. His attempt to sue the State of Wisconsin for monetary damages is a dead end; a state cannot be liable for money damages under §1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Wolf's attempt to sue the "John Doe Commissioner of the Department of Corrections Community Support" fails because he does not allege personal involvement by any individual, whether named or unnamed, sufficient to state a claim against John Doe. And, Wolf's claim against Brown County fails because his vague complaints about his experiences at the jail do not support a claim. His general complaints about not receiving education, medical care, or mental health care; the lack of access to window/sunlight and the outside world; and limitations on exercise over different and extended periods of time fails to give Brown County notice of the claim against it. Wolf offers no specific allegations about what happened at the jail, when it happened, how long he was in solitary confinement, who was involved, and why it happened (i.e. whether there was a custom or policy pursuant to which individuals at the jail were acting). And, while Brown County could be liable as an entity under *Monell v. City of New York Department of Social Services*, 436 U.S. 658, 691 (1978), Wolf has not alleged facts from which the Court could reasonably infer that Brown County had an "express policy," a "widespread practice…so permanent and well settled as to constitute a custom or usage with the force of law" or a "constitutional injury caused by a person with final policymaking authority" that violated his rights. Therefore, the original complaint fails to state a claim.

5

The Court notes that Wolf also likely has a statute of limitations issue given that the incidents occurred between 2005 and 2007. Section 1983 does not have an expressed statute of limitations, so federal courts adopt the forum state's applicable statute of limitations for personal injury claims. *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001). Federal law governs when the claim accrues. *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993) (citing *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992)). A §1983 claim accrues "when the plaintiff has 'a complete and present cause of action,' that is, when 'the plaintiff can file suit and obtain relief.'" *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (quoting *Bay Area Laundry and Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). The Wisconsin statute of limitations was six years at the relevant time. *See Lewis v. Stenz*, 637 F. App'x 943, 944 (7th Cir. 2016). That period can be tolled for two years for an individual who was under the age of 18 years when their claim accrued, or five years for an individual who was mentally ill when their claim accrued. *Id.*; *see also* Wis. Stat. §893.16(1); *see Hardin v. Straub*, 490 U.S. 536, 544 (1989) (holding that prisoners are entitled to the State's tolling provision in a federal civil rights action). According to Wolf, the incidents in this complaint occurred between 2005 and 2007, when he was allegedly between the ages of 10 and 12. If these dates are correct, Wolf would have turned 18 in 2013. Public records, on the other hand, show that Wolf turned 18 in 2011. *See* WISCONSIN DEPARTMENT OF CORRECTIONS OFFENDER LOCATOR, https://appsdoc.wi.gov/lop/details/detail (last visited November 3, 2022). Using either date (2011 or 2013) Wolf's lawsuit would be time barred by the statute of limitations unless he was mentally ill at the time the claim accrued and still continues to be mentally ill now. At this point in the litigation, it's unclear whether Wolf still continues to be mentally ill, and the Seventh Circuit has explicitly explained that "[t]his is a factual inquiry that renders [] dismissal at the complaint stage premature." *Lewis*, 637 F. App'x at 944. Thus, rather

than dismissing the case, the Court will give Wolf an opportunity to file an amended complaint to attempt to state a claim.

If Wolf wants to proceed with this lawsuit, he must file an amended complaint curing the deficiencies as described above. In addition, the Court will also direct Wolf to clearly outline the timeline of events with reference to his age and mental health status, and explain how his complaint is timely filed in 2022. *See e.g. DeGrave v. D.O.C*, No. 21-CV-256-WMC, 2021 WL 5371393, at *2 (W.D. Wis. Nov. 18, 2021) (noting in a screening order that "[t]o proceed, plaintiff will need to explain how his complaint is timely."). The Court is enclosing a guide for *pro se* prisoners that explains how to file an amended complaint that the Court can effectively screen. The Court also will include a blank prisoner amended complaint form. The Court will require Wolf to use that form to file his amended complaint. *See* Civil L. R. 9 (E.D. Wis.). If Wolf believes he needs more space than is available in blank prisoner amended complaint form, he may attach a *maximum* of five typed, double-spaced pages. The amended complaint should be no more than <u>ten</u> pages total.

Wolf is advised that the amended complaint must bear the docket number assigned to this case. The amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If Wolf files an amended complaint, the Court will screen it as required by 28 U.S.C. §1915A. If Wolf does not file an amended complaint, the Court will likely dismiss this case. Wolf can also voluntarily dismiss this case to avoid the possibility to incurring a strike under §1915(g).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Wolf's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** because it fails to state a claim. Wolf may file an amended complaint that complies with the instructions in this order by **December 5, 2022**. If Wolf files an amended complaint by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If Wolf does not file an amended complaint by the deadline, the Court will likely dismiss this case. Wolf can also voluntarily dismiss this case to avoid the possibility to incurring a strike under §1915(g).

The Court includes with this order a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions" and a blank prisoner amended complaint form.

**IT IS FURTHER ORDERED** that the agency having custody of Wolf shall collect from his institution trust account the **$318.00** balance of the filing fee by collecting monthly payments from Wolf's prison trust account in an amount equal to 20% of the preceding month's income credited to Wolf's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Wolf is transferred to another institution, the transferring institution shall forward a copy of this Order along with Wolf's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge

8

Case 2:22-cv-00906-BHL   Filed 11/03/22   Page 8 of 9   Document 17

Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Wolf is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on November 3, 2022.

>s/ *Brett H. Ludwig*
>BRETT H. LUDWIG
>United States District Judge