UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSHUA RYAN WOLF,

        Plaintiff,

    v.                                                        Case No. 22-cv-906-bhl

BROWN COUNTY,

        Defendant.

---

## ORDER

---

Plaintiff Joshua Ryan Wolf, who is currently serving a state prison sentence at the Redgranite Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. Dkt. No. 1. On November 3, 2022, the Court screened and dismissed the original complaint for failure to state a claim. Dkt. No. 17. In the dismissal order, the Court gave Wolf an opportunity to file an amended complaint to cure deficiencies. *Id*. Specifically, the Court directed Wolf to identify a "custom or policy" implemented by Brown County that violated his constitutional rights. *Id*. at 5. Further, the Court directed Wolf to explain how his complaint was timely filed in 2022 when the events giving rise to this lawsuit occurred in 2003, when he was a minor. *Id*. at 7.

On December 23, 2022, Wolf filed an amended complaint against Brown County. *See* Dkt. No. 21. The amended complaint alleges that Wolf was in and out of custody at the Brown County Jail at least 45 times between the ages of 11-12. *Id*. at 5-7. Wolf further alleges that Brown County had a "custom or policy" of placing minors in solitary confinement immediately upon arrival at the jail for no legitimate reason and/or to shirk the responsibility of having to properly care for

them, as required by various provisions of Wisconsin state law. *Id*. According to the amended complaint, solitary confinement is more restrictive than general population and does not allow exercise, recreation, social interaction, fresh air, or natural light. *Id*. at 6. Wolf further alleges that he was mentally ill at the time of the events giving rise to this complaint and still continues to be mentally ill now. *Id*. at 7-8.

The Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to "punishment." *See Smith v. Dart*, 803 F.3d 304, 309–10 (7th Cir. 2015) (*quoting Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). "A pretrial condition can amount to punishment in two ways: first, if it is 'imposed for the purpose of punishment,' or second, if the condition 'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment.'" *Id.* (*quoting Bell*, 441 U.S. at 538–39).

At this early stage of the litigation, Wolf has sufficiently alleged the existence of a custom or policy of confining minors to solitary confinement immediately upon arrival at the jail that amounted to "punishment" in violation of the Fourteenth Amendment. Further development of the record may reveal that there was no such policy or that any similar policy reasonably related to a legitimate penological interest, but, at this stage, Wolf has alleged enough to state a claim. Further, because Wolf alleges that he was mentally ill at the time of the events giving rise to this complaint, and still continues to be mentally ill now, he is likely entitled to toll the statute of limitations. *See Lewis v. Stenz*, 637 F. App'x 943, 944 (7th Cir. 2016). Again, Wolf will ultimately have to prove his contentions, but at this stage, he has alleged enough to go forward with this claim.

Wolf cannot proceed with any other claims through this lawsuit, however. In his amended complaint, Wolf identifies a myriad of other grievances involving his childhood, including that unidentified individuals with the Child Protective Services and the Brown County Police Department violated his constitutional rights in connection with his foster placements. Dkt. No. 21 at 2-4. These unidentified individuals were not named as defendants in this case, *see id*. at 1, and even if they were, any claims involving his foster placements would be based on different facts against different unrelated defendants, so he cannot proceed with them in this lawsuit. *See* Fed. R. Civ. P. 18(a) and 20(a)(2); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). This lawsuit is limited to the Fourteenth Amendment *Monell* claim against Brown County.

**IT IS THEREFORE ORDERED** that Plaintiff may proceed on a *Monell* claim against Brown County in connection with allegations that the county had a custom or policy of confining minors in solitary confinement immediately upon arriving at the jail for no legitimate reason.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Brown County pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Brown County shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that copies of the complaint and this order be sent to the administrator of the Brown County Jail, as well as to the Brown County Sheriff, and the Brown County Corporation Counsel.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Milwaukee, Wisconsin on March 2, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

4

Case 2:22-cv-00906-BHL   Filed 03/02/23   Page 4 of 4   Document 22